HALL, Judge.
The appellant, Everett Tackett, challenges a summary final judgment entered in favor of the appellee, Bowsmith, Inc., in this malicious prosecution action. Tackett contends the trial court erred in finding that his action for malicious prosecution was barred by his election of a previous remedy in an underlying suit. We agree with his contention in this regard and reverse.
The trial court found that, based on the authority of Cate v. Oldham, 450 So.2d 224 (Fla.1984), a private litigant may not bring an action for malicious prosecution where that litigant has previously elected to tax costs after successfully defending an underlying criminal action. The Florida Supreme Court, however, has since determined that Cate v. Oldham does not apply in such situations. See Jaye v. Royal Saxon, Inc., 609 So.2d 20 (Fla.1992). See also Londono v. Turkey Creek, Inc., 609 So.2d 14 (Fla.1992).
In Jaye v. Royal Saxon, Inc., the Fourth District certified the following question as being one of great public importance:
WHETHER CATE v. OLDHAM APPLIES TO PRIVATE LITIGANTS, TO *31 BAR A SUBSEQUENT ACTION FOR MALICIOUS PROSECUTION WHERE THE PLAINTIFF HAS PREVIOUSLY ELECTED TO TAX COSTS AND/OR FEES AFTER SUCCESSFULLY DEFENDING THE UNDERLYING ACTION?
Based upon its recent decision in Londo-no v. Turkey Creek, Inc., the supreme court answered the question certified in Jaye in the negative. In Londono, the supreme court affirmed a First District holding that a plaintiff may bring a malicious prosecution action for damages, despite having previously been awarded costs in an earlier declaratory action. The Lon-dono court agreed that a malicious prosecution action under those circumstances was permissible to recover damages which could not otherwise have been recovered in the original action.
In the instant case, the complaint alleges Tackett suffered damages resulting from “harm to ... reputation, humiliation, embarrassment, mental suffering, and special damages due to losses, including arrest, physical discomfort, and injury to health.” Since those are damages which could not have been recovered in the original action pursuant to Londono, and since Cate v. Oldham does not apply to private litigants pursuant to Jaye, we must find the trial court erroneously determined the instant malicious prosecution action to be barred.
Accordingly, we reverse the trial court’s entry of summary judgment in favor of the appellee and remand the cause for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.